IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AQUILINO GASPAR-JUAREZ ) <br> ) <br> ) <br> Defendant. ) | No. 3:17-CR-00200-JO <br><br> OPINION AND ORDER |

JONES, J.

This matter comes before the Court on the Motion of Defendant Aquilino Gaspar-Juarez (Gaspar-Juarez) to Dismiss Indictment. (#15) For the reasons that follow, the Court GRANTS Gaspar-Juarez's Motion.

## BACKGROUND

In 2004, Gaspar-Juarez was convicted in Marion County Circuit Court for rape in the third degree. At the time of Gaspar-Juarez's conviction, Oregon law provided that: "[a] person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age." Or. Rev. Stat. § 163.355. In March, 2005, the U.S. Immigration and Naturalization Service found Gaspar-Juarez eligible for removal from the United States because he had been convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101a)(43)(A)

which defines an "aggravated felony" to include 'sexual abuse of a minor." (#15, Ex. B) Thereafter, Gaspar-Juarez was removed from the United States.

In May, 2017, a deportation officer identified Gaspar-Juarez in Washington County, Oregon. The next month, the grand jury indicted Gaspar-Juarez, charging him with illegal reentry, a violation of 8 U.S.C. § 1326. Gaspar-Juarez filed this motion to dismiss the indictment on the basis that his prior Oregon rape in the third degree conviction was incorrectly deemed an "aggravated felony,' rendering the 2005 removal order invalid and unconstitutional.

## DISCUSSION

### A. Standards

To convict a defendant of illegal reentry under 8 U.S.C. § 1326, "the government must prove that the alien left the United States under order of exclusion, deportation, or removal and then illegally reentered." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). A defendant prosecuted under 8 U.S.C. § 1326 may collaterally attack the administrative proceedings underlying his predicate removal as fundamentally unfair pursuant to the Due Process Clause of the Fifth Amendment. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack under § 1326, a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). A removal order is "fundamentally unfair" if "(1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result." *Martinez*, 786 F.3d at 1230. When "a prior removal order is premised on

the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *Martinez*, 786 F. 3d at 1230.

The Immigration and Nationality Act (INA) 8 U.S. C. ch.12, as amended, provides that an alien who is convicted of an aggravated felony may be removed from the United States by the Attorney General. 8 U.S.C. § 1227(a)(2)(A)(iii). One of the crimes that constitutes an aggravated felony under the INA is "sexual abuse of a minor." 8 U.S.C. § 1101a)(43)(A). The INA does not expressly define "sexual abuse of a minor." *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567 (2017).

## B. Analysis

The case rests on a single issue: Is Gaspar-Juarez's state conviction for rape in the third degree an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(A)?[1] Gaspar-Juarez asserts that the immigration judge improperly characterized Gaspar-Juarez's conviction for rape in the third degree as an "aggravated felony" because, under the "categorical approach," the state statute for rape in the third degree does not fit within the 'generic' federal definition of the corresponding aggravated felony, sexual abuse of a minor. The government argues that Gaspar-Juarez's conviction for rape in the third degree categorically fits the corresponding federal definition for sexual abuse of a minor, is an "aggravated felony," and thus, Gaspar-Juarez's due process rights were not violated in his underlying deportation proceeding.

---

[1] The government does not contend that defendant failed to exhaust all administrative remedies nor had an opportunity for judicial review of his administrative deportation.

To determine whether a conviction for rape in the third degree under Or. Rev. Stat. § 163.355 fits the definition of an aggravated felony "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101a)(43)(A), and thus qualifies as an "aggravated felony," I apply the familiar "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990). The categorical approach requires that I make a categorical comparison of the elements of rape in the third degree to the generic definition of sexual abuse of a minor, and decide whether the conduct proscribed by the state statute is broader than, and so does not categorically fall within, this generic federal definition. *See, Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). I look to see whether the least of the acts criminalized by the Oregon statute fall within the generic federal definition of "sexual abuse of a minor." *Johnson v. United States*, 559 U.S. 133, 137 (2010). In making the comparison, I do not examine the facts underlying the offense, but "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602.

At the time of Gaspar-Juarez's conviction, Or. Rev. Stat. § 163.355 provided as follows: "A person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age." The generic elements of the crime "sexual abuse of a minor" for the purposes of 8 U.S.C. § 1101(a)(43)(A) as defined in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2015) are as follow: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Estrada-Espinoza*, 546 F. 3d at 1152. (citing 18 U.S.C. § 2243) The federal definition includes an age difference of at least four years which is absent in the state statute. Thus, mere sexual intercourse with another person under 16 years of age is not a felony under the federal criminal code. The state statute is not a categorical match to the federal statute, and cannot qualify as an aggravated felony for "sexual abuse of a minor."

The government cites that the recent Supreme Court decision, *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017) arguing that it overrules the Ninth Circuit's holding in *Estrada-Espinoza*. The government contends that the Supreme Court "effectively overruled" *Estrada-Espinoza* when it refused to import the four elements of "sexual abuse of a minor" found in 18 U.S.C. § 2243 as the Ninth Circuit had done in *Estrada-Espinoza* when it derived its definition.

In *Esquivel-Quintana*, the defendant, a 21 year-old citizen of Mexico and lawful permanent resident of the United States, pleaded no contest to a statutory rape offense in California that criminalized "unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator." The victim was 17 years old. The California statute defined a "minor" as someone under the age of 18. The Court agreed with the defendant that because the generic federal definition of "sexual abuse of a minor" requires that the victim be younger than 16, the California statute did not categorically fit within the federal definition and the conviction was not an aggravated felony. While the Court refused to import the definition of "sexual abuse of a minor" found in 18 U.S.C. § 2243, the Court explicitly declined to decide whether the federal generic crime of sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) includes a minimum age differential. "We need not and do not decide whether the generic crime of sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) includes an additional element of that kind...We leave for another day whether the generic offense requires a particular age differential between the victim and the perpetrator...." *Esquivel-Quintana*, 137 S. Ct. at 1572. Because the Supreme Court expressly chose to reserve this issue, *Estrada-Espinosa* continues to be the law of the Circuit and is binding on all courts in the Ninth Circuit. *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).

## CONCLUSION

*Estrada-Espinoza* is the controlling precedent in this district. The generic elements of the crime "sexual abuse of a minor" for the purposes of 8 U.S.C. § 1101(a)(43)(A), as defined in *Estrada-Espinoza*, include an age differential of at least four years. Oregon's Rape in the Third Degree is not a categorical match with the federal statute. Thus, Gaspar-Juarez's conviction for rape in the third degree does not qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A). The underlying deportation proceeding violated his right to due process and he was prejudiced by that violation. Accordingly, Gaspar-Juarez's conviction for Rape in the Third Degree and his 2004 deportation may not form the basis for an illegal re-entry charge under § 1326. On this basis, I grant Gaspar-Juarez's Motion to Dismiss Indictment. (#15)

IT IS SO ORDERED.

Dated this 24th day of January, 2018

Robert E. Jones, Federal District Court Judge