IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:17-CR-00200-JO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER ON |
| AQUILINO GASPAR-JUAREZ | ) | MOTION TO RECONSIDER |
| | ) | |
| Defendant. | ) | |

JONES, J.

This matter comes before the Court on the Government's Motion to Reconsider (#27). For the reasons that follow, the Court DENIES Government's Motion.

DISCUSSION

The government seeks reconsideration of my decision (# 26) to dismiss the indictment in this case. The government's premise for the motion is that the case is controlled by a Ninth Circuit opinion, *United States v. Vidal-Mendoza*, 705 F.3d 1012 (9th Cir. 2013) that the parties failed to bring to the Court's attention. Contrary to the government's contention, the Court was aware of the case. Defendant twice cited the case in its opening brief at pages 5 and 6. Furthermore, *Vidal-Mendoza* does not apply here because it asked what law applies when evaluating whether an IJ violated its duty to inform a noncitizen defendant of potential avenues

for relief. This case concerns not the duty to inform Gaspar-Juarez of his eligibility for relief in a removal proceeding, but whether he was removable at all. See, *United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014).

Government's Motion to Reconsider (#27) is DENIED.

DATED this 26th day of February, 2018

_____
Robert E. Jones, United States District Court